FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA 00 MAR 24 PM 4: 01
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| LARRY HOPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 96-BU-2968-S |
| | ) | |
| MARK PELZER; GENE McCLARAN; | ) | |
| GREG JACKSON; GARY McGEE; JOSEPH | ) | |
| STEPHENSON; JIM GATES, also known as | ) | **ENTERED** |
| KEITH GATES; JAMES KENT; | ) | |
| and TED LOGGINS, | ) | MAR 24 2000 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge assigned this matter filed a report and recommendation on March 10, 2000, recommending (1) that the plaintiff's claims for the use of excessive force against concerning a June 7, 1995, altercation be dismissed and that the plaintiff's claims against defendants Greg Jackson, Gary McGee, Joseph Stephenson, James Kent, and Ted Loggins be dismissed premised on the request of the plaintiff and (2) the motions for summary judgment of the remaining defendants be granted on the basis of qualified immunity and that this cause be dismissed with prejudice. (Doc. 45). The plaintiff filed objections to the report and recommendation on March 20, 2000. (Doc. 46).

The plaintiff argues that the magistrate judge's finding that the defendants in this case are entitled to qualified immunity is inconsistent with recent holdings in cases decided in the United States District Court for the Middle District of Alabama. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U. S. Supreme Court,

47

Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826-27 n.4 (11th Cir. 1997), quoted in *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998). Furthermore, this case is clearly distinguishable from the case of *Fountain v. Talley*, Case No. 94-C-676-N (M.D. Ala. 2/25/00), which is cited by the plaintiff and attached to his objections. In the case presently before the court, the plaintiff, unlike Fountain, did not allege that he suffered any physical condition which was exacerbated by being placed on the bar, he was provided water on one or two occasions, and he was not denied restroom breaks. To the extent that the plaintiff alleges that guards taunted him about being on the restraining bar and by providing water to the security dogs and then spilling it out of the container, that conduct is not attributed to any defendant presently before this court.

Government officials exercising a discretionary function are entitled to qualified immunity from damages unless their acts or decisions contravene clearly established constitutional or statutory rights of which a reasonable official should have knowledge. *See Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2751, 73 L. Ed. 2d 396 (1982). The "contours of the rights must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 636, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). The Court specifically finds at the time of the conduct alleged in this case, the law on the use of the restraining bar was not so clearly established as to defeat the defendants' assertion that they are entitled to qualified immunity on the plaintiff's claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was

placed on the hitching post, and that he was denied due process in violation of the Fourteenth Amendment prior to being placed on the bar.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motions for summary judgment are due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgement will be entered.

**DONE**, this the 24th day of March, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE