UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY HOPE, )  ) Plaintiff, ) ) vs. ) MARK PELZER, KEITH ) GATES and GENE McCLARAN, ) ) Defendants. ) | Civil Action # 96-BE-2968-S |

### AMENDED AND SUBSTITUTED COMPLAINT and JURY DEMAND

COMES NOW plaintiff Larry Hope, by and through counsel, and provides this Amended and Substituted Complaint. The purpose of this amendment is as follows: (i) to modify the style so as to delete those defendants who have been dismissed and to name correctly each of the three remaining defendants who have been previously identified; (ii) to add a claim for attorney's fees pursuant to 42 U.S.C. § 1988, which claim was not viable at the time of the original Complaint because the original Complaint was *pro se*; and (iii) to clarify without substantive modification the claims which are the subject of the original *pro se* Complaint.

As authority for this amendment, plaintiff respectfully refers the Court to Rule 15(a), Federal Rules of Civil Procedure, which provides that leave to amend shall be freely given when justice so requires, and to the Scheduling Order entered July 21, 2004, which provides, "Plaintiff may amend pleadings to correctly name the parties previously identified, in accordance with Fed.R.Civ.P. 15, until **by August 9, 2004.**" A Motion to Amend and brief in support thereof are filed herewith.

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 and 2202. This is a suit authorized and instituted pursuant to 42 U.S.C. §1983 providing for the enforcement of rights guaranteed by the Eighth Amendment to the United States Constitution, and pursuant to 42 U.S.C. § 1988 providing for the award of reasonable attorney's fees and expenses in such cases.

**PARTIES**

2. Plaintiff Larry Hope is an inmate in the custody of the Alabama Department of Corrections. At the relevant time the plaintiff was an inmate at the Limestone Correctional Facility in the Northern District of Alabama.

3. Defendant Mark Pelzer at the relevant time was employed as a Correctional Officer II with the Alabama Department of Corrections at Limestone Correctional Facility in the Northern District of Alabama.

4. Defendant Keith Gates at the relevant time was employed as a Correctional Officer I with the Alabama Department of Corrections at Limestone Correctional Facility in the Northern District of Alabama.

5. Defendant Gene McClaran at the relevant time was employed as a Correctional Officer I with the Alabama Department of Corrections at Limestone Correctional Facility in the Northern District of Alabama.

6. At all relevant times, each of the defendants was a State actor acting within the scope of his employment and under color of Alabama law. Each of the defendants is sued in his individual capacity.

**STATEMENT OF FACTS**

7. Plaintiff was handcuffed to the restraining bar (or "hitching post") at Limestone Correctional Facility on two occasions, May 11, 1995, and June 7, 1995.

8. The defendants were the persons who directly caused the plaintiff to be handcuffed to the restraining bar as alleged in ¶ 7 herein. Specifically, on May 11, 1995, defendant McClaran instructed that the plaintiff be returned to the prison to be handcuffed to the restraining bar. Specifically, on June 7, 1995, defendant Pelzer instructed that the plaintiff be returned to the prison to be handcuffed to the restraining bar. Specifically, defendant Gates handcuffed the plaintiff to the restraining bar on May 11, 1995, and June 7, 1995. In addition, defendants McClaran and Pelzer may have participated with defendant Gates in handcuffing the plaintiff to the restraining bar on May 11, 1995, and/or June 7, 1995.

9. Plaintiff was subjected to cruel and unusual punishment. The actions of defendants alleged herein were an unnecessary and wanton infliction of pain. The defendants' sole purpose in causing the plaintiff to be handcuffed to the restraining bar as alleged in ¶¶ 7 and 8 herein was for punishment. The defendants handcuffed him to the restraining bar to sanction him for alleged disruptive conduct and as an example to other inmates. The defendants intended to inflict gratuitous pain and discomfort on the plaintiff without justification. The circumstances of plaintiff's confinement created a substantial risk of harm of which the defendants were aware.

10. While plaintiff was handcuffed to the restraining bar, he was exposed to weather without a shirt. The sun burned his skin. Defendants denied the plaintiff water and taunted him with the water cooler. His wrists were swollen and bruised from the handcuffs and the extremely uncomfortable position in which he was forced to stand. He suffered sunburn, dehydration and

muscle aches. The sun heated the handcuffs and the restraining bar itself which caused further burns and chafing of plaintiff's skin.

11. As a direct result of the unlawful intentional actions of the defendants alleged in ¶¶ 7-10 herein, plaintiff was deprived of important rights guaranteed by the United States Constitution, forced to endure physical pain and suffering and extreme discomfort and mental anguish, and suffered serious physical injury and severe emotional distress.

12. The unlawful intentional actions of the defendants alleged in ¶¶ 7-10 herein were undertaken with malice, and rise to such a level of willfulness, wantonness, bad faith and deliberate indifference to the rights and safety of the plaintiff, as to authorize the plaintiff to recover punitive damages.

13. The plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation from the defendants under 42 U.S.C. § 1988 and other applicable law, in an amount to be proven at the appropriate time and determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that this Court assume jurisdiction of this action and after jury trial:

1. Issue a declaratory judgment that the policies and practices, conditions, and customs of the defendants violated the rights of plaintiff as secured by the Eighth Amendment to the United States Constitution;

2. Grant plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with defendants and at defendants' request from continuing to violate the Eighth Amendment to the United States Constitution;

3. Require defendants to make plaintiff whole by awarding him compensatory and punitive damages (or nominal damages in lieu thereof); and

4. Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Craig T. Jones
Georgia # 399476
Lead counsel for plaintiff Larry Hope

Edmond & Jones, PC
The Candler Building, Suite 410
127 Peachtree St., NE
Atlanta, GA 30303
(404) 525-1080
fax (404) 525-1073

James Mendelsohn
# ASB-4593-D53J
Local counsel for plaintiff Larry Hope

1117 22nd Street South
Birmingham, Alabama 35205
(205) 939-0000
fax (205) 933-9475

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by U.S. Mail addressed to the following counsel of record:

    Ellen R. Leonard, Office of the Attorney General
    Alabama State House
    11 South Union St.
    Montgomery, AL  36130-0152

    Andrew W. Redd
    Kim Thomas
    Alabama Department of Corrections
    Legal Division
    PO Box 301501
    Montgomery, AL  36130-1501.

This, the 9 day of August, 2004.

                                                                              _____
                                                                              Counsel for plaintiff Larry Hope