## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LARRY HOPE**, | ] |
| **Plaintiff,** | ] |
| v. | ] CV-96-BE-2968-S |
| **MARK PELZER, ET AL.,** | ] |
| **Defendants.** | ] |

### MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff's Motion for Summary Judgment (doc. 82) and Defendants' Motion for Summary Judgment (doc. 84). For the reasons stated on the record at the September 26, 2005 hearing and summarized below, the court **DENIES** both motions. Additionally, the court **DISMISSES** as MOOT Plaintiff's claims for declaratory and injunctive relief. *See* doc. 77.

Plaintiff Larry Hope is suing Defendants Mark Pelzer, Keith Gates, and Gene McClaren alleging cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's claims arise from two incidents where he was handcuffed to a restraining bar at the Limestone Correctional Facility. This case was initially referred to a magistrate judge, who concluded that Defendants were entitled to qualified immunity. The district court agreed and entered judgement for the Defendants. On appeal, the Eleventh Circuit affirmed the lower court's ruling that Defendants were entitled to qualified immunity. However, the Eleventh Circuit also addressed the constitutional issue and determined that the use of the restraining bar for punitive purposes under the conditions alleged by Plaintiff violated the Eighth Amendment. *Hope v. Pelzer*, 240 F.3d 975, 978-79 (11th Cir. 2001)

(reversed on other grounds). Thereafter, the United States Supreme Court reversed the Eleventh Circuit and held that Defendants were not entitled to qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 746-48 (2002). The Supreme Court, however, agreed with the Eleventh Circuit that the allegations in Plaintiff's Complaint, if proved, constituted an Eighth Amendment violation. *Id*. at 737. Consequently, Plaintiff's case is before this court for adjudication.

Defendants argue that 42 U.S.C. § 1997e(e) mandates dismissal of Plaintiff's Complaint. The court concludes that a genuine issue of material fact exists as to whether Plaintiff suffered an injury that was more than *de minimis* to support his claim for emotional damages. The Eleventh Circuit construes 42 U.S.C. § 1997e(e) as barring a prisoner's claim for mental or emotional injury in the absence of a claim for physical injury that exceeds the *de minimis* threshold. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) (vacated in part and reinstated in part ). However, the *Harris* decision does not provide any clear guidance to determine what injury exceeds *de minimis*. In this case a reasonable jury could infer from Plaintiff's deposition testimony that the alleged injuries were serious enough to exceed the *de minimis* threshold and warrant the award of damages. Furthermore, the Supreme Court and the Eleventh Circuit based their conclusions that Plaintiff's Constitutional rights were violated on facts that were alleged by the Plaintiff at that time. Subsequently, more evidence has entered the record, thereby creating a disputed issue of fact as to whether Plaintiff's Eighth Amendment rights were violated.

The Complaint also requests nominal damages. In *Harris*, the court indicated that nominal damages may be appropriate even in the absence of a serious physical injury. *Id*. at 1288. Although holding that the claims for compensatory and punitive damages were correctly dismissed because the plaintiff's "allegations of physical injury were not serious enough to satisfy the physical injury

requirement of section 1997e(e)," the court stated "that section 1997e(e) only precludes *some* actions for money damages...." *Id*. (emphasis added). Other circuits have clearly recognized that § 1997e(e) does not preclude a claim for nominal damages or punitive damages for a constitutional violation. *See Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2000) (determining that claims for loss of property, nominal, and/or punitive damages would not be dismissed by application of § 1997e(e); *Searles v. Van Bebber*, 251 F.3d 869, 878-80 (10th Cir. 2001) (stating § 1997e(e) would not bar recovery for nominal damages, which are mandatory upon a finding of a constitutional violation; nor would it bar recovery for punitive damages, which are available under § 1983 upon a finding that conduct was motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); *Allah v. Al-Hafeez*, 226 F.3d 247, 250-52 (3d Cir. 2000) (nominal and punitive); *Cassidy v. Indiana Dep't. of Corr.*, 199 F.3d 374, 376-77 (7th Cir. 2000) (holding that plaintiff may pursue all damages other than those for emotional or mental injury). Therefore, the court finds that § 1997e(e) does not require dismissal of Plaintiff's claim for nominal damages.

Additionally, the court concludes that a genuine issue of fact exists as to whether Defendants Pelzer and McClaren were actually present when Plaintiff was placed on the restraining bar. The record contains conflicting evidence such that a fact finder could determine that Defendants were present when Plaintiff was handcuffed to the bar.

Because questions of fact exist, and because the court cannot conclude that either party is entitled to judgment as a matter of law, both Motions for Summary Judgment are hereby **DENIED**.

DONE and ORDERED this 28th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE