FILED
2005 Nov-08 PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LARRY HOPE**, | ] |
| **Plaintiff,** | ] |
| v. | ] CV-96-BE-2968-S |
| **MARK PELZER, ET AL.,** | ] |
| **Defendants.** | ] |

## ORDER

This case came before the court for trial. Upon the completion of Plaintiff's case in chief, the Defendants moved for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a). For the reasons set forth on the record at the November 7, 2005 hearing, and summarized below, the court finds that Defendants' Motion is due to be **GRANTED**.

To prevail on an Eighth Amendment challenge, a prisoner must satisfy both an objective and subjective test. *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective analysis, the "prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Id*. at 1289. Pursuant to the subjective analysis, the prisoner must show that the prison officials acted with "deliberate indifference" with regard to the condition at issue. *Id*. A prison official acts with "deliberate indifference" when he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id*. at 1290.

Although the use of the restraining bar in this case constituted cruel and unusual punishment, as found by the Supreme Court in *Hope v. Pelzer*, 536 U.S. 730, 737-78 (2002), Plaintiff failed to

meet his burden of proof as to the individual liability of the three named defendants. Specifically, Plaintiff offered no evidence to prove that any of the individual defendants acted with deliberate indifference, or were aware of a substantial risk of serious harm. Merely showing that an Eighth Amendment violation occurred, without more, is not sufficient to impose liability on the defendants in this case.

Accordingly, this court has no choice but to find that Defendants' Motion is due to be **GRANTED**. Plaintiff's claims against Defendants are, therefore, **DISMISSED with prejudice**.

Costs are taxed against Plaintiff.

DONE and ORDERED this 8th day of November, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE